## Griffin, Appellant, v. Griffin.

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Kenneth W. Rice,* for appellant.

No appearance was made nor brief submitted for appellee.

OPINION BY DITHRICH, J., July 23, 1948:

In this case the decree in divorce was refused and the libel dismissed because, in the opinion of the learned president judge of the court below, there was "an absence of satisfactory evidence that libellant was a bona fide resident of Crawford County when the libel was filed," citing *Barnes v. Barnes,* 74 P. L. J. 398.

This case is readily and clearly distinguishable from the *Barnes* case. There, libellant and respondent resided in Clearfield County, Pa., when the alleged cause for divorce arose. Subsequent to May 28, 1922, when the respondent was alleged to have deserted libellant, libellant went to Allegheny County, where he remained until he filed his libel, after which he returned to Clearfield County, where he was residing when the case came on for hearing. As stated in the opinion of the court (pp. 398-400) : "The testimony does not disclose his purpose in coming to this county or intention to establish a residence here, and the fact that after filing his libel and before hearing he returned to Clearfield County indicates absence of intention to establish a residence in Allegheny County. . . . we base our refusal to decree a divorce on the absence of satisfactory evidence that libellant was a bona fide resident of the county when the libel was filed."

Here, the evidence was clear, precise, and uncontradicted. Libellant was a resident of Mercer County, Pa., until September 15, 1946, when she went to Meadville, Crawford County, Pa., to work, and remained there until November 13, 1946, when she got work as a waitress at

a hotel in Stoneboro, Mercer County, where she was living and working at the time of hearing. While in Meadville, she first worked at the Lafayette Hotel as a waitress and then did the same type of work at Fugagli's Restaurant.

During the two years following her marriage to respondent on July 22, 1944, they lived five different places in Pennsylvania, alternating between Mercer and Crawford Counties. She was forced to leave her husband on or about June 1, 1946, while they were living in Stoneboro, Mercer County. She remained there until September 15, when she went to Meadville to work. During the two months that she lived and worked in Meadville, Crawford County, she resided during the first couple of weeks with an uncle in Vernon Township, Crawford County, and the remainder of the time at 248½ Pine Street, Meadville. Her testimony as to her residence in Crawford County was corroborated by the testimony of her mother. The respondent left Stoneboro some time in November of 1946, about the time libellant returned there to work as a waitress at the Stoneboro Hotel. When she had previously been employed at that hotel, her husband created so many disturbances there when under the influence of liquor that he was barred from entering the place. Libellant testified that she worked during all her married life.

There is nothing in the testimony to indicate that libellant went from Mercer County to Crawford County solely for the purpose of obtaining a divorce. Had she returned to Mercer County immediately following the filing of her libel, there might appear to be some reason for believing that she went there solely for that purpose; but the fact that she remained there from September 25, 1946, the date when the subpoena was awarded, until November 13, 1946, when she got a better job at Stoneboro, negatives any presumption that her residence in Crawford County was not bona fide.

94

As stated by this Court in *Lynn v. Lynn (No. 1)*, 76 Pa. Superior Ct. 428, 431: "It is conceded the parties resided in this Commonwealth for years immediately prior to the filing of the libel, and there is no contradiction of the evidence of libellant's residence . . .; no authority has been cited to support the proposition that she did not have such residence in . . . [the] county as the statute requires; the court had jurisdiction . . ."

The decree refusing the divorce and dismissing the libel is reversed; and it is ordered that the libel be reinstated and the decree in divorce be entered as recommended by the master.